IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES POWERS, et al.         )
                             )
v.                           ) NO. 3-11-1209
                             ) JUDGE CAMPBELL
COTTRELL, INC., et al.       )

MEMORANDUM

Pending before the Court is Plaintiffs' Motion to Remand (Docket No. 9). For the reasons stated herein, Plaintiffs' Motion is GRANTED, and this action is remanded to the Circuit Court for Rutherford County, Tennessee. Plaintiffs shall file any Motion for Attorneys' Fees and Costs in accordance with Local Rule 54.01.

FACTS

Plaintiffs originally filed this action in the Circuit Court for Rutherford County, Tennessee, in September of 2006. Docket No. 1-30. It was removed to this Court on November 8, 2006 (Case No. 33-6-cv-1094), and was remanded to the state court by Judge Trauger on January 17, 2007 (Docket No. 19 in that case). Plaintiffs' Complaint alleges state law claims for strict liability, negligence, breach of warranty. Docket No. 1-30.

On December 20, 2011, after more than four years in the state court, Defendant Cottrell removed the action to this Court again. Docket No. 1. Defendant asserts that this Court has federal question jurisdiction because Plaintiff's claims allegedly arise from a Collective Bargaining Agreement ("CBA") between Plaintiffs' union and their employer. Docket No. 2. Defendant claims this action is preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141, *et seq.*

Plaintiffs have moved to remand this action to state court and to order Defendant Cottrell to pay Plaintiffs' fees and costs associated with this Motion, arguing that this Court has no subject matter jurisdiction because the LMRA and preemption do not apply in this case.

REMOVAL AND REMAND

Federal law provides that any civil action brought in state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Moreover, the Court may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. *Id.*

Section 301 of the LMRA provides that suits for violation of contracts between an employer and a labor organization may be brought in federal court, regardless of the amount in controversy or the citizenship of the parties. 29 U.S.C. § 185(a). Section 301 preempts state law claims that are substantially dependent upon analysis of a CBA, but it does not reach claims that only tangentially involve CBA provisions. *Alongi v. Ford Motor Co.*, 386 F.3d 716, 724 (6th Cir. 2004). By its very terms, this provision confers federal subject-matter jurisdiction only over suits for violations of contracts. *Teamsters Nat. Automotive Transporters Industry Negotiations Committee v. Troha*, 328 F.3d 325, 329 (7th Cir. 2003) (citing *Textron Lycoming Reciprocating Engine Div., Avco Corp. v. UAW*, 523 U.S. 653, 655, n.1 (1998)).

Here, Plaintiffs' claims are not dependent upon analysis of a CBA. Defendant's duties to Plaintiffs arise under state law (products liability, negligence and breach of warranty), not under a CBA. Plaintiffs' rights are created by state law, not by a CBA. The proof required to establish

2

Plaintiffs' state law claims does not involve a CBA, and this is not an action for violation of a contract. Moreover, Defendant Cottrell is not a party to the CBA at issue and, thus, is not bound or restricted by it and has no rights or obligations thereunder. Its duties exist independent of the CBA and are duties owed to members of the public as a matter of state law.

The parties have cited the Court to a recent Supreme Court case, *Kurns v. Railroad Friction Products Corp.*, 132 S.Ct.1261 (2012). Nothing about *Kurns* changes this decision. As in *Johnson v. Auto Handling Corp.*, 2012 WL 761159 at * 2 (E.D. Mo. March 8, 2012), this Court holds that *Kurns* does not support a finding of preemption in this case.

## CONCLUSION

For these reasons, Plaintiffs' Motion to Remand (Docket No. 9) is GRANTED, and this action is remanded to the Circuit Court for Rutherford County, Tennessee, pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE